Filing # 98808064 E-Filed 11/13/2019 12:56:34 PM

IN THE CIRCUIT COURT OF THE 20th
JUDICIAL CIRCUIT IN AND FOR LEE
COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 19-CA-7585

MICHAEL PHELPS

    Plaintiff,

v.

2:20-CV-22-FtM-38NPM

HOMEAWAY.COM, INC. and 5 STAR
BEACH RENTALS FL, LLC

    Defendants.
_____/

## COMPLAINT

Plaintiff Michael Phelps, by and through his undersigned counsel, hereby files this Complaint against Defendant HomeAway.Com, Inc. ("HomeAway.Com") and Defendant 5 Star Beach Rentals, FL, LLC ("5 Star Beach Rentals") and alleges:

1. This case is brought pursuant to the Federal Fair Housing Act ("FHA"). Plaintiff Michael Phelps is a resident of Lee County, Florida, suffers from a disability pursuant to 42 U.S.C. §3602(h); 42 U.S.C. §12102(1)(A); and FHA § 802, and is otherwise *sui juris*.

2. Defendant HomeAway.Com, Inc. is a foreign corporation that regularly conducts business in the State of Florida and is otherwise *sui juris*.

3. Defendant 5 Star Beach Rentals FL, LLC is a Florida corporation.

4. Venue is proper in this Court as all events giving rise to this lawsuit occurred in Lee County, Florida and Defendant 5 Star Beach Rentals FL, LLC is located in Lee County.

1

5.   This case involves damages exceeding $15,000.000 exclusive of interest, attorneys' fees and costs.

6.   Plaintiff is legally blind and has a medical condition such that Plaintiff must use a service animal. Plaintiff owns and travels with a service animal as defined by Title II and III of the ADA.

7.   Plaintiff Michael Phelps was at all times material hereto a renter as defined at FHA §802; 42 U.S.C. §3602(d) and (e).

8.   Plaintiff and his wife decided to move from West Virginia to Florida. In January of 2019, Plaintiff joined HomeAway.Com to locate a place to rent in Florida while searching for a permanent residence. Defendant HomeAway.Com acts as an online broker for owners of dwellings or properties and facilitates the rental of their properties.

9.   Defendant HomeAway.Com's published rules and policies prohibit owners or entities from discriminating against disabled persons, Therefore Plaintiff felt comfortable utilizing Defendant HomeAway.Com's services in locating and reserving a rental.

10.   In January of 2019, Plaintiff located a suitable property being offered by Defendant 5 Star Beach Rentals through Defendant HomeAway.Com's website. Plaintiff booked and reserved the property through Defendant HomeAway.Com's website. The property offered by Defendant 5 Star Beach Rentals is a dwelling as defined at FHA §802; 42 U.S.C. §3602(b).

11.   Plaintiff subsequently communicated with one Melanie Fiato, who identified herself as an agent for 5 Star Beach Rentals, regarding the fact that Plaintiff would be accompanied by his service animal due to being blind.

2

12. Upon learning that Plaintiff would be accompanied by a service animal, Defendant 5 Star Beach Rentals demanded that Plaintiff pay a higher amount for renting the property and forbade Plaintiff from using certain areas of the property due to the inclusion of Plaintiff's "pet". Plaintiff explained that his dog was not a "pet" but was, instead, a service animal as defined by the ADA. Nonetheless, Defendant 5 Star Beach Rentals refused to rent to Plaintiff unless Plaintiff paid extra for his service animal and promised to not use certain areas of the rental property.

13. Plaintiff contacted Defendant HomeAway.Com to alert them as to Defendant 5 Star Beach Rental's discriminatory actions, to obtain their assistance in dealing with Defendant 5 Star Beach Rentals, and ultimately, to obtain HomeAway.Com's assistance in locating other accommodations. Defendant HomeAway.Com refused to assist Plaintiff in any way. Further, Defendant HomeAway.Com refused to place Plaintiff in other accommodations despite its advertised "Book-With-Confidence Guaranty". Further, HomeAway.Com did not remove Defendant 5 Star Beach Rentals from its website despite the fact that it was clearly engaging in discriminatory practices in violation of HomeAway.Com's policies and the Fair Housing Act.

14. Defendants' discriminatory actions against Plaintiff and their refusal to accommodate Plaintiff caused Plaintiff to suffer damages.

15. Plaintiff has been obligated to retain undersigned counsel and is obligated to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT FOR VIOLATIONS OF THE FEDERAL FAIR HOUSING ACT

16. Plaintiff realleges and incorporates paragraphs 1 through 15 as if fully

3

stated herein.

17. Defendant 5 Star Beach Rentals discriminated against Plaintiff by refusing to rent its property to Plaintiff unless Plaintiff promised to not use or enjoy certain portions of the rental property and paid a higher amount to rent the property than non-disabled people. Further, Plaintiff is a person with a disability and requested a reasonable accommodation for his disability. The requested accommodation was necessary to afford Plaintiff an opportunity to use and enjoy the dwelling and Defendants refused to make the accommodation.

18. Defendant HomeAway.Com acted as a broker and participated in and facilitated Defendant 5 Star Beach Rental's discrimination by permitting Defendant 5 Star Beach Rentals to use its services while discriminating against disabled persons. Defendant HomeAway.Com did this despite the mandates of its own policies. Defendants' actions violated the Federal Fair Housing Act; 42 U.S.C. § 3604.

**WHEREFORE,** Plaintiff Michael Phelps hereby demands judgment against Defendant 5 Star Beach Rentals FL, LLC and Defendant HomeAway.Com, Inc. and requests the following relief pursuant to 42 U.S.C. § 3613:

a) Requiring Defendants to initiate a policy, rules, and regulations to accommodate individuals (potential owners, renters and current owners and renters) for any disability they may have;

b) Awarding Plaintiff damages against Defendants; and

c) Awarding Plaintiff his attorneys' fees and costs pursuant to 42 U.S.C. § 3613.

Plaintiff demands trial by jury on all issues so triable.

Dated this 13th day of November 2019

Respectfully submitted,

Max G. Soren, Esq.
Fla. Bar No. 623431
Dinin Law Group, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
**Rule 2.515 Designated Service Email:**
inbox@dininlaw.com
*Counsel for Plaintiff*